UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KENNETH RAMDAT, M.D.,
*Plaintiff-Appellant,*

v.

EDUCATION COMMISSION FOR FOREIGN
MEDICAL GRADUATES; UNITED STATES
MEDICAL LICENSING EXAMINATION
COMMITTEE ON SCORE VALIDITY;
NATIONAL BOARD OF MEDICAL
EXAMINATION,
*Defendants-Appellees,*

and

JANET D. CARSON, Esquire; BRUCE
A. HUBBARD, Esquire; NANCY E.
GARY, M.D.; ALAN E. SCHUMACHER,
M.D.; DONALD E. MELNICK, M.D.;
M. J. MARTIN, M.D.; ROBERT E.
PORTER, M.D.; KENNETH E. COTTON;
MARIE L. SHAFRON; MARC
GESSAROLI; LOLA GREENWALT;
SHIRLEY WILLIAMS,
*Defendants.*

No. 01-1827

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-99-3312-PJM)

Submitted: February 4, 2002

Decided: February 21, 2002

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

C. William Michaels, Baltimore, Maryland, for Appellant. William F. Ryan, Jr., WHITEFORD, TAYLOR & PRESTON, Baltimore, Maryland; Joseph M. Fairbanks, M. Albert Figinski, David A. Thompson, SAUL EWING L.L.P., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Ramdat filed suit against the Educational Commission for Foreign Medical Graduates (ECFMG); the United States Medical Licensing Examination Committee on Score Validity (USMLE Committee on Score Validity); and the National Board of Medical Examination (NBME) (collectively "Appellees") alleging breach of contract and requesting a writ of mandamus. The district court granted summary judgment to Appellees. On appeal, Ramdat challenges the district court's summary judgment ruling and its grant of Appellees' motion to preclude expert testimony. We affirm.

We review an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs and joint appendix and find no reversible error. Accordingly, we affirm on the reasoning stated by the district court in its ruling from the bench on May 18, 2001. *See Ramdat v. Education Comm'n for Foreign Med. Graduates*, No. CA-99-3312-PJM (D. Md. filed May 18, 2001; entered May 21, 2001). We also conclude the district court did not abuse its discretion when it granted Appellees' motion to exclude expert witnesses. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*